SMOAK CHEVROLET COMPANY

Plaintiff-Appellant

vs.

HOSKIE R. BARTON

Defendant-Appellee

Decided on June 30, 1977

J.A. Palmer, Palmer and Frost, Farmington, New Mexico, for Plaintiff-Appellant

Wilbert Tsosie, D.N.A., Shiprock, New Mexico, for Defendant-Appellee

Before KIRK, Chief Justice, JOHN and NESWOOD, Associate Justices

PER CURIAM

This case came on appeal from a judgment rendered at the Shiprock District Court by the Honorable Merwin Lynch on May 13, 1976.

That judgment was entered in a case in which the appellant here was seeking repossession of a motor vehicle. The repossession

was denied to the petitioner, damages for breach of contract by defendant were awarded and then the Court awarded to the defendant an amount equal to those damages as a set-off on defendant's counter-claim of violation of the federal Truth in Lending Act (15 U.S.C. 1601 et seq.).

That counterclaim is grounded in the defendant's admitted failure to place the "acceleration" clause of this standard consumer contract on the face of the disclosure statement required by the Truth in Lending Act.

The question presented by this case essentially is whether an acceleration clause which does not require the payment to the consumer of unearned interest is in the nature of a charge as that term is used in 15 U.S.C. 1638(a) (9) and at 12 CFR 226.8 (b) (4), promulgated by the Federal Reserve Board pursuant to 15 U.S.C. 1604.

If it is, then its disclosure must be in compliance with the above part of Regulation Z. If such an acceleration clause is not a "charge" as so defined then Regulation Z was not violated and the defendant below had no counterclaim for the alleged violation of 12 CFR 226.8 (b) (4).

While this case may seem relatively simple as to the issues, the complexity develops when one realizes that Navajo commerical law is written largely by reference to the relevant laws of Arizona, New Mexico and Utah. In addition, while the Navajo Nation is located within

the territorial jurisdiction of two federal Court of Appeal (the 9th and 10th Circuits), under established principles of federal Indian law, these courts do not sit in direct review of decisions of the Navajo Court of Appeals and thus their decisions are not controlling.

Neither party here has claimed the existence of some issue which would give rise to a collateral attack in the federal judicial system. However, we have mentioned this matter to point out that the Navajo Court of Appeals must consider the laws and court rulings of several jurisdictions in determining questions of Navajo law. A decision by this Court is binding within the entire Navajo Nation, regardless of which state the case may arise in and regardless of which federal Court of Appeals has jurisdiction under the federal territorial scheme.

As of this date, cases on point have gone up to three federal Court of Appeals: the 3rd, the 5th, and the 10th Circuits.

The recent case of Begay v. Ziems Motor Company, _____ F. 2d _____ (10th Circuit, 1977), upon which the Appellant relies, holds that an acceleration clause is not a charge under the meaning that word in Regulation Z. In the Ziems case, the right of the seller to accelerate payments was placed on the reverse side of the contract, as in this case. However, the Court found that the acceleration clause was not an additional "charge" subject to the regulations of the Federal Reserve Board. As the total debt was disclosed on the front of the contract at issue in the Ziems case and the contract was signed on the front, the Court held there was no violation of the Truth in Lending Act.

In reaching its conclusion in Ziems, the Court relied heavily on Martin v. Commerical Securities Co., Inc., 539 F.2d 521 (5th Circuit, 1976) which stated that there is an absence of any reference to acceleration clauses in "the Act, the Regulations, or the Official Interpretation of the Federal Reserve Board". The Court in the Martin case was of the opinion that the Federal Reserve Board Staff Opinion Letter No. 851, dated October 22, 1974, excerpted at CCH Consumer Credit Guide paragraph 31, 173, was not persuasive and that it was up to the Federal Reserve Board to make the disclosures requirement explicit by regulation. See 539 F.2d at 529.

In Johnson v. McCrackin-Sturman Ford, Inc., 527 F.2d 257 (3rd Circuit, 1975), the Court held that McCrackin-Sturman's right to accelerate payment of the unpaid principal did not come within the meaning of the phrase "default, delinquency, or similar charges" in 15 U.S.C. 1638 (a) (9). The Court therefore found that, in this particular case, the Act mandates disclosure only of specific monetary sums, in addition to the amounts already due under the loan, that are imposed because of late payment or payments.

When the creditor in this case was required to rebate the unearned portion of the finance charge upon acceleration, there was no additional penalty charge which had to be disclosed.

Basically, the problem that all of these cases fail to deal with is that of doing a proper economic analysis of what exactly "acceleration" means when it includes required payment of interest on money

which, in the end, is not actually lent for the period originally intended and so stated in the consumer contract.

In one sense, it is true that an acceleration clause is not a "charge" at all. The <u>right</u> to accelerate the repayment of the loan is of itself only a creditor's remedy. But this is only half an analysis because the <u>exercise</u> of the right, absent contrary law, leads to an economic consequence which is a benefit to the creditor additional to the premature repayment of the loan.

That benefit is the payment by the debtor of an amount of interest calculated for a period of time which does not in fact come to pass. Most consumers rightly or wrongly - expect to pay interest on the money they borrowed only for so long as the money is actually borrowed. It is true that historically this was an incorrect assumption. Most lenders from the time of Venetian banking days until the days of the Great Depression of the 1930's insisted that borrowers who repaid their loans ahead of schedule pay the interest due for the scheduled life of the loan, even when the repayment was voluntary.

There were many economic justifications for this practice but none of them needs to be discussed here. The fact is that the trend today in consumer loans is for the borrower to be required to pay only the interest due for the actual life of the loan.

This principle finds expression in the laws of many states as well as in the trend of commercial lending practices.

It was precisely the existence of a controlling Pennsylvania statute requiring the rebate of unearned finance charges which provided the basis upon which the United States Court of Appeals for the Third Circuit ruled that the acceleration clause in the contract at issue did not create a charge within the meaning of the Truth in Lending Act.

It seems to us implicit in that Court's reasoning that had there been no such state statute, there would have been a "charge" (the unearned finance charge) due on default, which charge would have come within the purview of Regulation Z and the Act.

There is a line of reasoning which argues that because the unearned finance charge due upon the creditor's acceleration of the repayment schedule is obviously not any more than the total due under the intended life of the contract (that is, such a charge is not additional), such a charge need not be separately disclosed because it is already included in the total, disclosed finance charge.

However, as Judge Holloway pointed out in his dissenting opinion in Begay v. Ziems Motor Company, the remedy of acceleration creates the obligation of the debtor "to pay additional, specific pecuniary sums resulting from the fact that the finance charge was computed on the full credit period to maturity, which is however shortened by acceleration". See also Johnson v. McCrackin-Sturman Ford, Inc., 527 F.2d at 265-66.

In our opinion, we are not dealing with an <u>additional</u> interest charge, but rather a different rate of interest created by requiring the debtor to pay the full amount of interest over a shorter period of time. Of course this effect is avoided when state law prohibits the collection of unearned interest or requires it to be rebated under one of the standard commercial formulas. Arizona, New Mexico and Utah have no such laws and, therefore, neither does the Navajo Nation.

The failure to adequately explain the acceleration clause to the borrower and thereby disclose the specific interest rates is a violation of Regulation Z of the Truth in Lending Act. In this case, the acceleration clause was on the reverse side of the contract and there is no evidence that the clause was adequately explained to the buyer, Mr. Barton, as he had not even signed in the applicable place below.

While it is obviously impossible to set forth the operative interest rate for indeterminate time spans (that is, those unknown at the time of the signing of the contract but less than the full contract period), the acceleration clause should be printed on the same side as the other finance disclosures in a spot above or adjacent to the place for the customer's signature or on a separate statement which identifies the transaction.

Absent applicable law requiring the rebate of unearned interest, the above method seems to this Court to be the only way that a consumer's right to adequate information on financing can be guaranteed. Of course, the issue is avoided if the seller would have to

-159-

rebate unearned interest.

Although Smoak Chevrolet violated the Truth in Lending Act and Regulation Z as we interpret it, the counterclaim in this action was barred by the one year statute of limitations of the Act, 15 U.S.C. 1640 (e).

The cause of action in this case is created solely by federal law and finds no counterpart in any law of the Navajo Nation. Therefore, the Navajo statute of limitations is inapplicable.

While the Second Circuit Court of Appeals in Pearson v. Northeast Airline, 309 F.2d 553, held that a state with substantial ties to a transaction in dispute has legitimate constitutional interest in the application of its own rules of law, it should not be necessary for this Court to point out that a similar cause of action existed in the state with the longer of limitations in that case.

On the basis of this Court's analysis, the District Court's decision is affirmed in part and reversed in part.

It is affirmed as to the applicability of the Truth in Lending Act to acceleration clauses. The District Court's decision is reversed as to the award on the counterclaim because of our findings as to the applicability of the federal statute of limitations for this type of action.

Because we have been informed that a settlement was reached

by the parties after this appeal was docketed, the case is remanded to the District Court for a rehearing in accordance with decision here, such rehearing to be scheduled only if either party requests it of the District Court within fifteen days of the date of this opinion.

Finally, such rehearing, if requested, shall be limited to the question of the damages for the breach of contract by defendant.

So ordered.